JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3447

Attorneys for Plaintiffs
CORELOGIC, INC. and CORELOGIC
INFORMATION RESOURCES, LLC

FILED
2012 AUG 24  PM 2: 55
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CORELOGIC, INC., and CORELOGIC
INFORMATION RESOURCES, LLC,

        Plaintiffs,

vs.

CREDCO, RICK MILLER, and DOES 1-10,
inclusive,

        Defendants.

CASE NO. 12CV2098 AJB JMA

COMPLAINT FOR:
(1) FEDERAL TRADEMARK INFRINGEMENT;
(2) FEDERAL UNFAIR COMPETITION;
(3) UNFAIR AND DECEPTIVE TRADE PRACTICES;
(4) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;
(5) FEDERAL TRADEMARK DILUTION; AND
(6) STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiffs CoreLogic, Inc. and CoreLogic Information Resources, LLC (collectively, "Core Logic") hereby complain of Defendants Credco and Rick Miller (collectively, "Defendants") as follows:

## INTRODUCTION

1. This is an action at law and in equity for trademark infringement, trademark dilution, unfair competition, and related claims arising under California state law, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law.

2. CoreLogic is a leading provider of consumer, financial and property information, analytics and services to businesses and government agencies. CoreLogic, through its wholly-owned subsidiary CoreLogic Information Resources, LLC, is the owner of the well-known federally registered trademark CREDCO®, U.S. Registration No. 2,475,347, for credit inquiry and reporting goods and services. Since its first use in 1973, CoreLogic has invested millions of dollars building and promoting its brand in connection with credit-related goods and services.

3. Despite Defendants' knowledge of CoreLogic's substantial rights in the CREDCO® mark, Defendants are impermissibly providing, promoting, marketing, selling and offering for sale credit dispute, credit repair and related credit services under the name CREDCO on their website, in their marketing materials, and in other documents and media. Defendants' business address as depicted on every webpage of their website is Credco, Suite 477, 5663 Balboa Avenue, San Diego, CA 92111.

4. Defendants' credit dispute and repair services, however, are not offered by, affiliated, sponsored, authorized, or in any way associated with CoreLogic. Defendants' credit services are therefore likely to cause consumer confusion, to confuse, mislead and/or deceive consumers and the public regarding their source, affiliation or sponsorship, and otherwise to dilute and tarnish the distinctive quality of CoreLogic's CREDCO® mark.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over CoreLogic's related state and common law claims is proper under 28 U.S.C. §§ 1338 and 1367.

-1-

**COMPLAINT**

6. This Court has personal jurisdiction over Defendants because Defendants have committed and continue to commit acts of infringement in violation of 15 U.S.C. §§ 1114 and 1125 and also have provided, distributed, marketed, sold and offered for sale credit-related services to residents of California (including residents of this District), and because Defendants regularly transact and conduct business within California (including within this District) and have otherwise made or established contacts within California and this District sufficient to permit the exercise of personal jurisdiction.

7. This District is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to CoreLogic's claims have occurred in this District.

## THE PARTIES

8. Plaintiff CoreLogic, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4 First American Way, Santa Ana, California 92707.

9. Plaintiff CoreLogic Information Resources, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, is the owner by assignment of the CREDCO® mark, and is a wholly-owned subsidiary of CoreLogic, with its principal place of business at 4 First American Way, Santa Ana, California 92707.

10. On information and belief, Defendant Credco appears to be an entity organized and existing under the laws of the State of California with its principal place of business at 5663 Balboa Avenue, Suite 477, San Diego, California 92111.

11. On information and belief, Defendant Rick Miller is the sole proprietor and/or owner of Defendant Credco.

12. The true names, identities, and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise are unknown to CoreLogic at this time. Accordingly, CoreLogic sues such defendants by their fictitious names and will seek leave of court to amend this Complaint to specify the true names and capacities of these fictitiously-named defendants if and when they have been ascertained. CoreLogic is informed

and believe and based thereon alleges that all defendants sued herein as DOES 1 through 10, inclusive, are in some manner responsible for the acts and omissions alleged herein.

## GENERAL ALLEGATIONS

13.　CoreLogic is the nation's largest provider of merged and specialized credit reports, processing over 90 million credit and related transactions annually, and is responsible for providing approximately half of the credit reports used by mortgage lending industry in the United States. Since its first use in 1973, the CREDCO® mark has come to signify the quality and reputation of CoreLogic's credit inquiry and reporting products and services throughout the consumer, financial and mortgage lending industries.

14.　In 1989, CoreLogic CREDCO® raised the standards of quality and service by introducing the Instant Merge® credit report. The first merged credit report of its kind, Instant Merge® offered a solution to the problem of data discrepancies between the three national credit bureaus: Equifax (formerly CBI), Experian, and TransUnion. Instant Merge® uses CREDCO®'s patented Merge Logic to create a more streamlined and comprehensive credit report. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the federal registration for CREDCO® is incontestable. A true and correct copy of the Certificate of Registration for the CREDCO® mark is attached hereto as Exhibit A.

15.　CoreLogic has used and continues to use the CREDCO® mark extensively throughout its business, including in its marketing and promotional materials, and on its website. Printouts of exemplary pages from CoreLogic's website showing use of the CREDCO® mark are attached collectively hereto as Exhibit B. Attached collectively hereto as Exhibit C are true and correct copies of a Quick Start Guide, Quick Reference Guide, Solution Brochure and other sample materials exemplifying CoreLogic's extensive use of the CREDCO® mark in commerce.

16.　The CREDCO® mark is non-functional, and the mortgage lending and financial industries, as well as the public, recognize and understand that the CREDCO® mark distinguishes and identifies CoreLogic's credit inquiry and reporting products and services.

17.　Over the past several years, sales of CoreLogic's credit inquiry and reporting

1 services associated with its CREDCO® mark have totaled billions of dollars. Since introducing
2 its CREDCO® mark, CoreLogic has spent millions of dollars promoting the mark and promoting
3 products and services bearing the mark. As a result of CoreLogic's continuous and exclusive use
4 of the CREDCO® mark, the mark enjoys wide acceptance from the mortgage, consumer and
5 financial industries, and has come to be widely and favorably regarded as an indication of the
6 origin of CoreLogic's credit inquiry and reporting products and services.

7      18. As a result of CoreLogic's extensive use and promotion of the CREDCO® mark,
8 CoreLogic has built up and now owns valuable goodwill symbolized by the mark.

9      19. In blatant disregard of CoreLogic's rights, Defendants are impermissibly
10 providing, disseminating, promoting, marketing, selling and offering for sale credit dispute and
11 repair services under the name CREDCO on their website, in their marketing materials, and in
12 other documents and media. Representative screenshots from Defendants' website showing
13 Defendants' unlawful use of CoreLogic's CREDCO® mark are depicted below:

## Credit Dispute Letters

**Terms Contact About Us Privacy Home Order**

Rick Miller
My Experience: Finance Degree,
6 years loans officer at a national
bank, 4 1/2 years credit bureau
manager for one of the big three
credit bureau's

**Credco
Suite 477
Balboa Ave San Diego
CA 92111**
info@acreditdisputeletter.com

**We Welcome any Questions or Concerns You May Have
You can contact us at:**

# Credco
# Suite 477
# Balboa Ave San Diego CA 92111
# info@acreditdisputeletter.com

Page Credit Dispute Letters 1 of 1
http://www.acreditdisputeletter.com/terms.htm 8/23/2012

-4-

**COMPLAINT**

# Credit Dispute Letters

Terms Contact About Us Privacy Home Order

Rick Miller
My Experience: Finance Degree,
6 years loans officer at a national
bank, 4 1/2 years credit bureau
manager for one of the big three
credit bureau's
Credco
Suite 477
5663 Balboa Ave San
Diego CA 92111

## How Can We Help You with Credit Dispute Letters?

My Name is Rick Miller. This Company was started by myself and I am still actively involved in the day to day operations.

Ok, Lets start at the beginning. Recently you have probably found out your credit is not the greatest. It might not be your fault or it might be. You are probably wondering about Credit Dispute Letters.

Your looking around the internet trying to get someone to repair your credit or perhaps you are thinking about doing it yourself. We have been doing this for 8 years now.

I first started working in the credit business many years ago. My first job was working as a loans officer for a national bank. My job was to get financing for people with very shaky credit.

Much of my pay was commission based. This really drove me to help people get the loans they needed. The only way to do this was to rapidly increase their credit score. We developed some very effective Credit Dispute Letters.

At first this seemed impossible but after a chance encounter with a man named Tom Bradley things started to change. Tom worked at a national credit bureau and we met at a business convention about mortgages.

**Tom showed me many techniques on (TM)Rapid Rescoring and Quick Credit Repair Techniques.** Well because of my success at funding these hard to get loans I was given a promotion to loans manager.

Me a Tom stayed in touch and a few years before he retired he got me a job at his credit bureau. When I first got there I was very surprised at how high up in the company he was. He took me under his wing and that's when school got kicked into high gear.

We worked 9 hour days and every second Saturday. Talk about a lesson on the credit industry. He showed me things that would be the difference between someone losing their house or not. **It was very powerful stuff.**

You Will Learn all About Credit Dispute Letters that the Pro's Use on this Website.

-5-

COMPLAINT

Credit Dispute Letters Page 1 of 2
http://www.thecreditdisputeletter.com/aboutus.htm 8/23/2012
I could go on and on here about my experience working as a credit bureau manager or how I was a loans officer for 6 years but I won't bore you with all the details. **This really is not about me anyways. It's about you and your credit. You can choose to believe me or not...**
**You can contact us at:**
**Credco
Suite 477
5663 Balboa Ave San Diego CA 92111
Credcom2008@yahoo.com
Site Map**
Credit Dispute Letters Page 2 of 2
http://www.thecreditdisputeletter.com/aboutus.htm 8/23/2012

Attached hereto collectively as Exhibit D are true and correct printouts of exemplary pages from Defendants' website at www.acreditdisputeletter.com showing Defendants' improper use and infringement of CoreLogic's CREDCO® mark.

20. On information and belief, Defendants were familiar with CoreLogic's CREDCO® mark when they began providing, disseminating, promoting, marketing, selling and offering for sale Defendants' infringing credit dispute, credit repair and related credit services. On further information and belief, Defendants intentionally adopted and used substantially indistinguishable and confusingly similar references to the CREDCO® mark knowing that it would mislead and deceive consumers into believing that Defendants' credit services were provided, authorized, affiliated or otherwise associated with CoreLogic's credit services.

21. Defendants' credit dispute, repair and related services, however, are not offered by, affiliated, sponsored, authorized, or in any way associated with CoreLogic. Defendants' credit services are therefore likely to deceive, confuse, and mislead consumers and prospective consumers into believing that Defendants' credit dispute, repair and related services are provided, authorized, affiliated or associated with CoreLogic, which they are not, and otherwise to dilute and tarnish the distinctive quality of CoreLogic's CREDCO® mark. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation and infringement of CoreLogic's mark is causing irreparable harm to the goodwill symbolized by the CREDCO® mark and the reputation for quality that it embodies.

22. CoreLogic used the CREDCO® mark extensively and continuously long before

Defendants began providing, disseminating, promoting, marketing, selling and offering for sale its confusingly similar and infringing credit services. Defendants' credit dispute, repair and related services are similar to, and compete with, the credit inquiry and reporting goods and services sold by CoreLogic, and the parties' credit services are sold through overlapping channels of trade.

23. Defendants' activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective purchasers and others considering Defendants' credit services are likely to mistakenly attribute the services as sponsored or authorized by, affiliated or associated with CoreLogic. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm on the goodwill symbolized by CoreLogic's CREDCO® mark.

24. On information and belief, Defendants continue to use and infringe CoreLogic's CREDCO® mark in connection with the provision, promotion and sale of credit dispute, credit repair and related credit services.

25. On information and belief, Defendants' use and infringement of CoreLogic's CREDCO® mark is knowing, willful, intentional and malicious.

26. CoreLogic has attempted to resolve this dispute short of litigation. Since March, 2012, CoreLogic has attempted to communicate with Defendants to reach an acceptable resolution of this dispute. Defendants, however, have refused to respond.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

27. CoreLogic realleges and incorporates by references paragraphs 1 through 26 of this Complaint as though set forth fully herein.

28. .Defendants' use of the term "Credco" in connection with credit dispute, repair and related services is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendants' credit services are provided, endorsed, sponsored, authorized, affiliated, connected or otherwise associated with CoreLogic.

29. Defendants have used a mark confusingly similar to CoreLogic's federally

registered CREDCO® mark in violation of 15 U.S.C. § 1114. Defendants' activities have caused and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to CoreLogic's goodwill and reputation as symbolized by the registered CREDCO® mark, for which CoreLogic has no adequate remedy at law.

30. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CoreLogic's federally registered CREDCO® mark to CoreLogic's great and irreparable injury.

31. Defendants have caused and is likely to continue causing substantial injury to the public and to CoreLogic, and CoreLogic is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

32. CoreLogic realleges and incorporates by references paragraphs 1 through 31 of this Complaint as though set forth fully herein.

33. Defendants' use of the term "Credco" in connection with credit dispute, repair and related services is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendants' credit services are provided, endorsed, sponsored, authorized, affiliated, connected or otherwise associated with CoreLogic.

34. Defendants have made false representations, false descriptions and false designations of their goods and services in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to CoreLogic's goodwill and reputation as symbolized by the registered CREDCO® mark, for which CoreLogic has no adequate remedy at law.

35. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CoreLogic's federally registered CREDCO® mark to

CoreLogic's great and irreparable injury.

36. Defendants have caused and is likely to continue causing substantial injury to the public and to CoreLogic, and CoreLogic is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CLAIM FOR RELIEF
(Unfair and Deceptive Trade Practices)

37. CoreLogic realleges and incorporates by references paragraphs 1 through 36 of this Complaint as though set forth fully herein.

38. Defendants have been and is passing off their credit services as those of CoreLogic, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' credit services, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with CoreLogic, and otherwise damaging CoreLogic and the consuming public. Defendants' conduct is like to mislead and/or deceive the general public and therefore constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of California's Calif. Bus. & Prof. Code § 17200.

39. Defendants' above-described acts constitute unfair competition under Section 43a of the Lanham Act, 15 U.S.C. § 1125(a) and trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Bus. & Prof. Code §§ 17200, *et seq.*

40. Defendants' unlawful and fraudulent business practices present a continuing threat to, and is meant to deceive or mislead members of, the public in that Defendants continue to promote their credit services by wrongfully trading on the goodwill of CoreLogic's trademark.

41. As a direct and proximate result of Defendants' wrongful conduct, CoreLogic has been injured in fact for which CoreLogic has no adequate remedy at law and such harm will continue unless enjoined by this Court. Defendants' unauthorized use of the term "Credco" has caused and is likely to cause substantial injury to the public and to CoreLogic. CoreLogic is entitled to injunctive relief and to recover compensatory and punitive damages, attorneys' fees

and costs against Defendants.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

42. CoreLogic realleges and incorporates by references paragraphs 1 through 41 of this Complaint as though set forth fully herein.

43. CoreLogic has prior rights to CoreLogic's CREDCO® mark. Defendants' credit services are infringing CoreLogic's mark by using identical, or confusingly similar marks in connection with their credit services.

44. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparably injury of CoreLogic for which CoreLogic has no adequate remedy at law.

45. On information and belief, Defendants acted with full knowledge of CoreLogic's use of, and statutory and common law rights to, the CREDCO® mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

46. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CoreLogic's federally registered CREDCO® mark to CoreLogic's great and irreparable injury.

47. As a result of Defendants' acts, CoreLogic has been damaged in an amount not yet determined or ascertainable. At a minimum, however, CoreLogic is entitled to injunctive relief, an accounting of Defendants' profits, damages, reasonable attorneys' fees, and costs. Further, in light of the deliberately fraudulent and malicious use of the term "Credco", and the need to deter Defendants from engaging in similar misconduct in the future, CoreLogic additionally is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

48. CoreLogic realleges and incorporates by references paragraphs 1 through 47 of this Complaint as though set forth fully herein.

49. For decades, CoreLogic has exclusively and continuously promoted and used its federally registered CREDCO® mark throughout the United States. The mark, therefore, has become a famous and well-known symbol of CoreLogic and its credit services well before Defendants began providing, disseminating, promoting, marketing, selling and offering for sale Defendants' infringing credit dispute, credit repair and related credit services.

50. Defendants are making use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of CoreLogic's CREDCO® mark by eroding the public's exclusive identification of the CREDCO® mark with CoreLogic, tarnishing and degrading the positive associations and prestigious connections of the CREDCO® mark, and otherwise lessening the capacity of the CREDCO® mark to identify and distinguish CoreLogic's services.

51. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CoreLogic's federally registered CREDCO® mark to CoreLogic's great and irreparable injury.

52. Defendants have caused and are likely to continue causing substantial injury to CoreLogic's goodwill and business reputation, and dilution of the distinctiveness and value of CoreLogic's CREDCO® mark in violation of 15 U.S.C. § 1125(c). CoreLogic is therefore entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury Business Reputation)

53. CoreLogic realleges and incorporates by references paragraphs 1 through 52 of this Complaint as though set forth fully herein.

54. For decades, CoreLogic has exclusively and continuously promoted and used its federally registered CREDCO® mark throughout the United States. The mark, therefore, has become a famous and well-known symbol of CoreLogic and its credit services well before Defendants began providing, disseminating, promoting, marketing, selling and offering for sale Defendants' infringing credit dispute, credit repair and related credit services.

55. Defendants' unauthorized use of the term "Credco" dilutes and is likely to dilute

-11-

COMPLAINT

the distinctiveness of CoreLogic's CREDCO® mark by eroding the public's exclusive identification of the CREDCO® mark with CoreLogic, tarnishing and degrading the positive associations and prestigious connections of the CREDCO® mark, and otherwise lessening the capacity of the CREDCO® mark to identify and distinguish CoreLogic's services.

56.     Defendants are causing and will continue to cause irreparable injury to CoreLogic's goodwill and business reputation, and dilution of the distinctiveness and value of CoreLogic's CREDCO® mark in violation of California's Cal. Bus. & Prof. Code § 14247. CoreLogic is therefore entitled to injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, CoreLogic prays that:

(a) Defendants and all of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently from:

    a. Using CoreLogic's CREDCO® mark or any other confusingly similar variation thereof in connection with Defendants' business or services;

    b. Using any trademark, logo, design, or source designation of any kind on, or in connection with, Defendants' business or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, CoreLogic's CREDCO® mark;

    c. Using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' business or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such business or services are provided, endorsed, sponsored, authorized, affiliated or associated with CoreLogic;

    d. Using any trademark, logo, design, or source designation of any kind on or in

connection with Defendants' business or services that dilutes or is likely to dilute the distinctiveness of CoreLogic's CREDCO® mark; and

 e. Passing off, palming off, or assisting in passing off or palming off Defendants' business or services as those of CoreLogic, or otherwise continuing any and all acts of unfair competition as alleged herein;

(b) Defendants be ordered to cease offering for sale, marketing, promoting, selling and providing credit-related services bearing, using or associated with the CREDCO® mark or any other confusingly similar variation thereof;

(c) Defendants be ordered to account to CoreLogic for any and all profits earned by Defendants from credit-related services as alleged herein;

(d) Defendants be required to pay CoreLogic all monetary damages caused by Defendants;

(e) CoreLogic's damages against Defendants be trebled and enhanced under 15 U.S.C. §§ 1117(a) and (b) based on Defendants' knowing and intentional use of a term that is confusingly similar to the CREDCO® mark;

(f) Defendants be required to pay CoreLogic the costs and reasonable attorneys' fees incurred by CoreLogic in this action under 15 U.S.C. § 1117(a) and the state statutes cited herein;

(g) CoreLogic be awarded punitive damages against Defendants for willful and deliberate infringement and/or dilution of CoreLogic's CREDCO® mark;

(h) Defendants be required to pay pre-judgment and post-judgment interest to CoreLogic on all damages and profits awarded herein;

(i) CoreLogic be awarded such other and further relief as the Court deems just and proper.

Dated: August 24, 2012

SAN DIEGO IP LAW GROUP LLP

By: _____
JAMES V. FAZIO, III

Attorneys for Plaintiffs
CORELOGIC, INC. and CORELOGIC INFORMATION RESOURCES, LLC

-14-

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CoreLogic hereby demands a trial by jury of all issues so triable.

Dated: August 24, 2012

SAN DIEGO IP LAW GROUP LLP

By: _____
JAMES V. FAZIO, III

Attorneys for Plaintiffs
CORELOGIC, INC. and CORELOGIC INFORMATION RESOURCES, LLC

-15-

COMPLAINT